**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3661
_____

CATHY THOMAS-TAYLOR,

Appellant

v.

CITY OF PITTSBURGH;
FRATERNAL ORDER OF POLICE
FORT PITT LODGE NO. 1;
POLICEMEN'S RELIEF AND PENSION FUND
OF THE CITY OF PITTSBURGH;
UPMC BENEFITS MANAGEMENT SERVICES, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 13-cv-00164)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2015
Before:  CHAGARES, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: March 24, 2015)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Cathy Thomas-Taylor appeals the District Court's order granting summary judgment for Defendants the Fraternal Order of Police ("FOP") and the City of Pittsburgh ("the City"). We will affirm the District Court's judgment.

Thomas-Taylor filed two complaints in the District Court that were consolidated. The claims were eventually winnowed down to four claims against the City (Breach of contract, Title VII retaliation, ERISA retaliation, and ERISA interference), and one claim against the FOP (retaliation in violation of Title VII). See Notice Identifying Claims Against Defendants, dkt. #38. The District Court granted summary judgment for the City because Thomas-Taylor's claims were barred by a previous settlement agreement between the parties, see dkt. #58-14, and granted the FOP summary judgment because Thomas-Taylor failed to make a prima facie case of retaliation. Mem. Op., dkt. #79.

The City asks us to dismiss Thomas-Taylor's appeal as frivolous, because she failed to include any legal support for relief in her brief. We agree that she essentially has waived any argument that the settlement agreement does not bar her current claims; her only argument is a conclusory statement that "I did not release my pension rights or benefits at that time by signing agreement." App. Br. at 6; see Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court."). Similarly, Thomas-Taylor has in essence waived any argument that the District Court improperly granted FOP summary judgment. Thomas-

2

Taylor's brief only makes conclusory statements that she "feel[s] everything that was done was in direct retaliation for filing of complaints and reporting wrongdoing." App. Br. at 9. However, because she is proceeding pro se, we will briefly address why the District Court properly granted summary judgment for the Defendants.

"We apply plenary review to a district court's construction of settlement agreements, but we review any underlying factual findings for clear error." In re Diet Drugs Prod. Liab. Litig., 706 F.3d 217, 223 n.4 (3d Cir. 2013) (internal quotation omitted). As the District Court noted, the settlement agreement contained an "extensive general release of claims against the City," including "causes of action both 'known and unknown' at the time of the signing."[1] Mem. Op. at 3, 9. The Court noted that two actions formed the basis for Thomas-Taylor's current claims against the City: its conversion of her status from a recipient of Heart and Lung Act benefits to Worker's Compensation benefits, and its cessation of contributions to her pension. The Court found, based on the record, that both of those actions occurred "more than a year prior to the settlement agreement." Mem. Op. at 9. Thomas-Taylor, who was represented by

---

[1] The settlement agreement stated in part that "Ms. Thomas Taylor knowingly and voluntarily releases and forever discharges the City and its current and former employees, attorneys, officers, directors and agents thereof and the current and former trustees or administrators of any pension or other benefit plan applicable to the employees or former employees of City . . . of and from any and all claims, demands, liabilities, obligations, promises, controversies, damages, rights, actions and causes of action, known and unknown, whether in law or equity, which Ms. Thomas Taylor has or may have asserted against the City as of the date of execution of the Agreement . . . ." Dkt. #46-8 at 2.

counsel at the time of the settlement agreement,[2] does not dispute these facts, but only argues vaguely that she did not believe she was waiving her pension rights. We discern no error in the District Court's application of the undisputed facts and agree that summary judgment in favor of the City was proper as a matter of law. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

The District Court also properly granted summary judgment in favor of Thomas-Taylor's labor union, the FOP. Thomas-Taylor filed a charge of discrimination against the FOP in 2008, claiming that because of her race and sex it failed to properly represent her in a job selection claim.[3] In the current suit, Thomas-Taylor complained that because she had filed that discrimination charge, the FOP retaliated[4] against her: (1) by declining to file on her behalf a grievance based on a claim to longevity pay; (2) by adopting a policy that FOP members must reimburse the FOP for legal fees if a charge against the

---

[2] She was also represented by counsel in the District Court here. She proceeds pro se on this appeal.

[3] Title VII prohibits discrimination not only by employers, but also by labor organizations. See 42 U.S.C. § 2000e-2(c) (unlawful for labor organization to discriminate against individual because of her race, color, religion, sex, or national origin).

[4] See 42 U.S.C. § 2000e-3(a) (unlawful for labor organization to discriminate against member because she has opposed organization's discriminatory practice); see also Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 73, 81 (1st Cir. 2007) (setting forth three-part test for retaliation in labor union context).

4

FOP is resolved in its favor; and (3) by ceasing to communicate with her for part of 2009 and 2010.

The District Court noted that evidence of close temporal proximity between the protected activity and the adverse action may demonstrate retaliation if is "unusually suggestive," see, e.g., Daniels, 2015 WL 252428, at *10, but it properly concluded that in each case here, the proximity was not unusually suggestive of a discriminatory motive. The FOP's first and third actions (declining to file the grievance and the alleged failure to communicate) both occurred more than a year after Thomas-Taylor filed her charge against the FOP. The gap here certainly does not suggest that Thomas-Taylor's activity caused the FOP to retaliate against her. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007) ("Although there is no bright line rule as to what constitutes unduly suggestive temporal proximity, a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment.").

The FOP's second action (requiring membership to reimburse the FOP for legal fees) took place about a month after Thomas-Taylor filed a second charge of discrimination against the FOP. This is closer, of course, but not close enough to support a finding of causation without more. See Smith v. Fairview Ridges Hosp. 625 F.3d 1076, 1088 (8th Cir. 2010) (one month gap is not unusually suggestive), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc). If the time period is not unusually suggestive, the court must consider whether "the

5

proffered evidence, looked at as a whole, may suffice to raise the inference." LeBoon, 503 F.3d at 232. The District Court properly found that Thomas-Taylor had not pointed to any direct or circumstantial evidence in the record that showed a discriminatory animus.[5] On the contrary, the letter informing Thomas-Taylor that she owed the FOP legal fees was "in response to plaintiff putting herself forward as a candidate for delegate in the FOP's 2010 election, [and] inform[ed] her of the need to pay outstanding [legal fees and dues] in order to be considered 'in good standing' and eligible to stand for election." Mem. Op. at 18. We agree with the FOP that even though Thomas-Taylor had by that time filed two EEOC complaints against it, the letter "does not show a trace of retaliatory animus, but rather civil and respectful treatment of [Thomas-Taylor]." FOP's Br. at 21. We conclude that Thomas-Taylor did not make out a prima facie case for retaliation based on any of the FOP's actions. The District Court thus properly granted summary judgment.

For the foregoing reasons and those explained by the District Court, we will affirm the District Court's judgment.[6]

---

[5] In her brief here, Thomas-Taylor argues that summary judgment was premature because there are "conflicting statements" in the record. However, she has not pointed to any evidence in the record that shows a genuine dispute as to any fact that is material to the determination of whether retaliation took place.

[6] Thomas-Taylor's motions to expand the record are denied. In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (we "cannot consider material on appeal that is outside of the district court record").